LEANDER LÓPEZ VALDÉS, ETC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; JOSEFINA VALDÉS COBIÁN, Intervener.

No. C-66-116.    Decided December 16, 1968.

*Miguel A. Muñoz* and *J. A. Fernández Diez* for petitioner. *González, Jr., González Oliver & Novak* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Petitioner appeals from the order of the trial court rendered on May 26, 1966 denying his motion for the nullity of actions and, on the contrary, determining that the appointment of a commissioner in partition is the correct procedure to put an end "to the undivided ownership of Mrs. Valdés and Leander López Valdés."

For the purpose of a better understanding of the controversy at bar, which involves certain proceedings generally simple and of reasonable speedy prosecution, but which in this case have been unnecessarily complicated, we summarize below the facts and circumstances of the case.

On January 21, 1960 Josefina Valdés Cobián filed in the Superior Court, San Juan Part, a complaint for the division of the conjugal partnership property against her ex-husband, Dr. López de la Rosa. She applied for the appointment of a

commissioner in partition to make the partition of the property belonging to said partnership which had been dissolved by divorce decree which became final and unappealable on November 9, 1959. On November 8, 1960, said suit being pending, Dr. López de la Rosa died intestate. On January 27, 1961, Josefina and the adopted son of the dissolved marriage, petitioner Leander López Valdés, executed a "Private Contract for the Provisional Division of the Estate" by virtue of which certain properties set forth therein were adjudicated. In the fourth clause of said contract they agreed that Josefina would desist of the aforementioned suit for the partition of the community property. On November 24, 1964 said suit was dismissed for lack of prosecution.

In the meantime, on November 13, 1964, Josefina filed an *ex parte* proceeding for the appointment of a commissioner in partition in order that the latter proceed to the division and partition of Dr. López de la Rosa's hereditary estate. On December 16, 1964 Josefina and the petitioner appeared in court to report that they had agreed by stipulation, to appoint Mr. Andrés Guillemard as commissioner in partition, which appointment the latter accepted by a document of February 19, 1965.

On October 19, 1965 petitioner and the intervener submitted a stipulation signed by their respective attorneys to the court for its approval since, they believed, such action was necessary in order that the commissioner in partition could do his work. In the ninth (9) clause of said stipulation petitioner and the intervener accepted and confirmed in its entirety the contract of January 27, 1961 by virtue of which they adjudicated between themselves certain properties, and they stated that in the execution of said contract both parties had been properly assisted and advised by their respective attorneys. In approving it the court stated "that the effects of this approval do not imply that the parties have, in any manner whatsoever, bound the judge or the commis-

sioner through allegations, admissions, or stipulations which they might have formulated in said stipulation and Exhibit A; on the intention or interpretation of certain provisions of law, since the function of determining the applicable law belongs exclusively to the judge, and by virtue of said power he is free to apply the rule he deems pertinent and adequate even though he might depart from such allegations, admissions and agreements of the litigants."

By motion of January 10, 1966 the petitioner appeared in court to request the latter to order the intervener to reproduce the contract of January 27, 1961, in a public deed in order that he could record in the Registry of Property the properties adjudicated to him, and thus be able to mortgage them to proceed to the payment of the inheritance tax. The intervener answered by objecting, among other things, because said contract lacked legal validity.

These motions remained pending in court, since the parties agreed that no action be taken as to them.

On April 6, 1966 petitioner appeared in court by motion for *Nullity of Actions* alleging that the appointment of the commissioner was not proper; that since this was a partition of inheritance governed by the Law of Special Legal Proceedings, 32 L.P.R.A. § 2361 *et seq.* (Judicial Administration of Decedent's Estate), whose provisions had not been complied with, the petition of the commissioner in partition did not state any facts.

On May 23, 1966 petitioner filed a *Motion to Reopen the Case and the Substitution of the Defendant*, in the case of Partition of Community Property which had been dismissed on November 24, 1964. On June 24, 1966 said motion was granted, but after examining a Motion for Reconsideration filed by the intervener, the order to reopen the case was set aside and the judgment of November 24, 1964 was reinstated. Against this order petitioner filed in this Court a petition for certiorari (C-66-132) which was dismissed on Janu-

ary 20, 1967. On reconsideration we upheld said determination on April 6, 1967.

The motion for nullity of actions and some motions for depositions were denied by the trial court by order of May 26, 1966 which provides that:

". . . The petition for the appointment of a Commissioner in partition states facts pursuant to the provisions of law, and it is the correct, adequate, and effective procedure to put an end to the state of indivision of Mrs. Valdés and Leander López Valdés. Assuming that said petition has any defect the same was cured by the stipulation of December 16, 1964 by virtue of which heir Leander López Valdés, through his attorney, consented to the appointment of the Commissioner in partition.

"The court also understands that the fact that the petitioner was divorced from her husband at the time of his death and that at that time there was pending in court a case for the liquidation of the conjugal partnership, which has been dismissed, is not an obstacle for the Commissioner in partition in this case to proceed with the partition operations. He can and must liquidate the conjugal partnership which existed between petitioner and Dr. López de la Rosa, and at the same time proceed to the partition of the hereditary estate.

"The Commissioner in partition, pursuant to the provisions of law, shall hear the necessary witnesses and experts, and shall determine which are the separate properties belonging to Mrs. Valdés and which are conjugal property, and likewise shall determine which is the hereditary estate, and in his report he shall indicate the equitable and fair manner in which the estate may be divided. Subsequent to the rendering of said report the parties can present whatever objections they deem proper and the court shall pass on them taking into consideration the provisions of the law and the rights of the interested persons.

"Our order of May 5, 1966 is ratified, and consequently, the Commissioner in partition is granted forty-five (45) days as of said date to submit his report.

"Pursuant to the clear and definite provisions of Title 31 L.P.R.A. § 2411 and the case of *Marxuach* v. *Registrar*, 57 P.R.R. 131, there should be no doubt whatsoever that Josefina Valdés Cobián, the innocent spouse in the divorce suit, is entitled to the usufructuary portion in Dr. López de la Rosa's

inheritance. Said portion, according to the express provisions of law, constitutes the one third to be disposed of as extra portion.

"As to petitioner's request applying for the appointment of a trustee to undertake the management of the hotel because it has been established in one of the buildings which is part of the hereditary estate, we ratify our order rendered in open court, and, consequently, the intervention, solely as to this incident, of the corporation López & Navarro, Inc. and of José Navarro, is permitted. Said interveners are granted ten (10) days, as of May 25, 1966, to file their allegations in writing. Once they are filed this incident will again be set for hearing.

"The objections raised by heir Leander López Valdés and José Navarro Quero as to the taking of depositions in this case, are dismissed."

Reconsideration of the preceding order having been requested, the same was flatly denied.

In support of this appeal the commission of ten (10) errors is assigned which tend to impeach the power of the commissioner in partition as to the liquidation of the conjugal partnership which existed between the intervener and Dr. López de la Rosa.

We shall proceed to consider them below.

1. Petitioner indicates that the trial judge incurred procedural error, since this being a partition of a hereditary estate it was proper to comply with the Law of Special Legal Proceedings; that the corresponding petition for a judicial administrator has not been filed, nor have the creditors been summoned, nor have the debts been paid.

We do not agree. Section 67 of the Law of Special Legal Proceedings, 32 L.P.R.A. § 2621, provides that "Whenever any *executor or administrator* . . . shall have paid or shall have in hand a sufficient amount for the payment of the debts and expenses of administration, he must apply . . . for the appointment of a commissioner . . . ." (Italics ours.) By virtue of § 1012 of the Civil Code (31 L.P.R.A. § 2878) ("If the heirs of age should not agree as to the manner of

making the division, they shall be free to enforce their rights in the manner prescribed in the law relating to special legal proceedings."), the heirs are in the same situation of an executor or administrator. The intention of the afore-cited section was to give to the heirs among themselves the same rights which an administrator might have, that is, the right to ask, in the case of disagreement, for the appointment of a partitioner. *Labarthe* v. *Neuman*, 23 P.R.R. 640 (1916).[1] It appears from the foregoing that if the heirs had in their possession sufficient property to pay, they may apply to the court for the appointment of a commissioner in partition. That is, precisely, what has been done in the present case. In *Ex Parte Cautiño*, 51 P.R.R. 460, 468 (1937), we said that the heirs have no preferential rights to any portion of the inheritance until all the debts of the estate have been paid. That phrase, so emphatically invoked by the petitioner, means that the inheritance estate cannot be *adjudicated* or *distributed* until the debts are paid or secured. In that case we explained that the heirs are entitled to a division of the inheritance, as provided by §§ 1005 and 1006 of the Civil Code, 31 L.P.R.A. §§ 2871, 2872, provided that the rights of creditors are safeguarded by payment or security, as provided by § 1035 of the same Code, 31 L.P.R.A. § 2931. In the case at bar, it appears from the record that the rights of the creditors of said inheritance have been acknowledged.

■ The same may be said about the argument on the inheritance tax. It is a well-settled rule of this Court that a trial court should *refrain from ordering the disposition, distribution, or adjudication* of the hereditary estate, where there is no showing in the record that the inheritance tax was paid or that the exemption was granted. *Vázquez* v. *Vázquez*, 85 P.R.R. 266 (1962); *Ruiz* v. *Ruiz*, 74 P.R.R. 321, 326 (1953). In the present case the appointment of a com-

---

[1] Reversed for other reasons in *Ex Parte del Valle*, 69 P.R.R. 617 (1949).

missioner in partition was requested. Furthermore, from the stipulation of October 19, 1965 it appears, in clause No. 10, that both parties have paid a substantial part of the tax in question.

As we have previously indicated no property whatsoever may be distributed among the heirs until the payment or security of the debts and of the overdue taxes have been shown.

2. It is argued that the trial court erred in deciding that it had jurisdiction to intervene in the case notwithstanding it had been stated to the court it involved a partition of inheritance and the appointment of a commissioner in partition; and that there was no property to be distributed, since the property involved belonged to a conjugal partnership, which had not yet been liquidated.

█ This assignment is frivolous. It appears from the record that in the petition filed by the intervener the court is notified that a commissioner in partition is requested because the parties have not come to an agreement; that the estate of said inheritance is mixed up with property of the conjugal partnership, it being pertinent that said work be performed by the commissioner in partition. On November 20, 1964 the court entered an order that the clerk of the court notify heir Leander López Valdés to appear personally or represented by his attorney to assert his rights. On December 16, 1964, petitioner and the intervener, *the heirs*, appear, by stipulation, notifying the court that they had agreed that Mr. Guillemard be appointed commissioner in partition. If the interested parties agree to apply for the appointment of a commissioner in partition because they cannot agree as to the liquidation of their inheritance, resort may be had to *ex parte* jurisdiction. *Rivera* v. *District Court*, 68 P.R.R. 625, 628 (1948).

█ In a partition of inheritance the commissioner in partition must make an inventory of the property of the

inheritance pursuant to § 1010 of the Civil Code—31 L.P.R.A. § 2876. The inventory is the basis of successive operations of liquidation and adjudication of property since an inheritance can hardly be distributed without a detailed specification of the elements composing the patrimony of the *de cujus*. The inventory presupposes, according to Puig Peña in his work IV *Compendio de Derecho Civil* 976 (1966 ed.) a statement of the properties and rights conveniently "separated." Such separation of property comprises:

"a) All such properties, rights, and shares the predecessor had in his possession, and a showing of authentic proof that those logically excluded from the inventory belonged to a third person, it being the duty of those performing the partition to proceed to return them pursuant to the law.

"b) Such property as to which the predecessor only had a usufructuary right, since in view of the very personal nature of said right, they should likewise be restituted.

"c) Such properties as may be in possession of the predecessor under a title, according to which, upon his death, will pass to other particular persons, whether or not they are his heirs.

"d) The conjugal couch ordinarily used by the spouses, as well as the clothing and the dresses of ordinary use, which pursuant to § 1420 [§ 1318 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3693] should be delivered to the surviving spouse."

The separation of these properties having been carried out, Puig Peña, *op. cit.* continues indicating, it is then necessary to have in mind those properties which, although they may appear in the name of the predecessor, *nevertheless are not a part of the divisible corpus.* They are the properties which compose the conjugal partnership, since the surviving spouse does not receive her share in the latter by succession, but by liquidation of the partnership.

Of course, for the liquidation of the partnership, it is necessary to count with the intervention *of the surviving spouse.*

■ The authority to make the partition attributes to the commissioner in partition the representation of the predecessor to carry out, with the other spouse or the latter's heirs the liquidation of the conjugal partnership as indispensable condition for the partition of the inheritance of the spouse who dies while still married, *or without having liquidated the conjugal partnership previously dissolved.* Judgment of January 10, 1934 (Supreme Court of Spain) ; VII Manresa, *Comentarios al Código Civil Español* 655 and 656 (6th ed.) ; V Borrell y Soler, *Derecho Civil Español* 470 (1954 ed.). See also, *Judgments of the Supreme Court of Spain* of April 17, 1943 and November 12, 1895.

■■ Josefina is the interested person in the liquidation of the conjugal partnership dissolved by divorce decree. In our opinion, the purpose of requiring the intervention of the widow in the liquidation of the conjugal partnership by the commissioner in partition of the inheritance is to have the presence of the other person interested in said liquidation. She receives her portion by way of liquidation and not by succession. Pursuant to § 1295 of the Civil Code—31 L.P.R.A. § 3621—"By virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage." By virtue of said section the intervener has an undivided interest of half of the properties constituting the conjugal partnership, not by inheritance, but as owner. If she is present in said liquidation, the commissioner in partition may proceed to the liquidation of the conjugal partnership as an indispensable prerequisite to divide the inheritance. In this jurisdiction it has been decided that the commissioner in the partition of an inheritance may make the liquidation of the conjugal partnership. *Escalera* v. *Falú et al.,* 19 P.R.R. 716 (1913). In view of the conditions of this case it was not proper to liquidate the conjugal partnership pursuant

to the provisions of the Civil Code. *Ex Parte Falú and Escalera,* 20 P.R.R. 488 (1914).

3–4. López Valdés alleges that the trial judge erred in failing to decide that there is incompatibility between the allegations in the application for a commissioner in partition and the facts of the case "which renders the petition void," and in ordering the commissioner in partition to submit a proposal of partition.

These assignments lack merit. They rely on the fact that there is no inheritance to be divided until the liquidation of the conjugal partnership is performed. The petition alleges that said partnership has not been liquidated yet. As we have previously shown, the commissioner in partition, whose appointment is requested, may proceed to liquidate the conjugal partnership within the proceeding for partition of inheritance.

5. In synthesis, this assignment is intended to challenge the right of Mrs. Valdés to the usufructuary portion because she was not the widow of the deceased Dr. López de la Rosa.

■ We do not agree, since in *Marxuach* v. *Registrar, supra,* we said that the innocent divorced surviving spouse is entitled to the same rights upon the death of his or her former spouse as the widow or widower who at the time of the death of his or her spouse is not divorced. Later we explained that this is so, provided that neither the deceased spouse, *Pirela* v. *Registrar,* 65 P.R.R. 900 (1946) nor the surviving spouse, *Ex Parte Tormes,* 53 P.R.R. 396 (1938) have remarried.

6. The sixth assignment alleges that the trial judge, in deciding that the commissioner in partition had the authority to liquidate the conjugal partnership, collaterally attacked case No. 60-366 for the Partition of the Conjugal Property, since a petition to reopen the case had been filed in said court.

This assignment also lacks merit.

Pursuant to Rule 38.1 of the Rules of Civil Procedure:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

A cardinal principle in our adjective law is to prevent the multiplicity of actions, and to adjudicate in an action the different claims of the parties when the nature of the claims permits it. In the case at bar, the original complaint in the action for the partition of the conjugal property, requests the appointment of a commissioner in partition to liquidate the same. But petitioner and the intervener agreed to desist of said action and to bring the action for the partition of the inheritance. They understood, then, that their request could take effect more promptly in the partition of inheritance. It is when he substitutes his attorney that petitioner *wants to act against his own actions* and moves for the reopening of the case of the partition of the conjugal property and for the nullity of actions in the partition of the inheritance, thus causing an undue complexity thereby giving rise to a multiplicity of actions which the Rules of Civil Procedure seek to prevent. In so doing and in persisting in his point of view, he consequently caused the unnecessary delay of the final solution of this case.

In this case there is not a collateral attack against the action for the partition of conjugal property. The trial judge understood that in the action for the partition of inheritance, the petition in the action for the division of the conjugal property could be granted, since in order to distribute the inheritance it was necessary to liquidate the conjugal partnership. Since this could be done by the commissioner in partition the other party being present, the

trial court properly proceeded to grant the petition. In so doing, without affecting the substantive rights of the parties, it promoted trial convenience, prevented the multiplicity of suits, and expedited the final determination of the litigation. *Carrasquillo* v. *Superior Court*, 87 P.R.R. 628 (1963).

7. Petitioner assigns that the trial court erred in sustaining the validity of the stipulation signed on October 19, 1965 by the attorneys of the parties (by which the parties ratified the contract executed on January 27, 1961 and stated that in relation to said contract they had been advised by their respective attorneys) since the same is void because "it implies the waiver of substantial rights . . . without having previously made a division and liquidation of the conjugal property . . . and, furthermore, that the special requirement is not attached to said stipulation."

We have read very carefully the transcript of evidence of the day when the validity of the aforementioned stipulation was discussed.

We cannot understand petitioner's position. On the one hand he alleges that said stipulation is void because he was not given legal advice as to said stipulation which was signed by his attorney. When confronted with its clause No. 9 where it is stated that the parties ratify the contract of January 27, 1961 and that for the execution of said contract they were duly advised by their attorneys, he answered that that is not true because he did not receive legal advice for the execution of said contract either. The trial judge proceeded to set a date for the discussion of the assignments based on the nullity of the stipulation and of the contract in order to give the attorneys who intervened in both actions the opportunity to make a statement on the matter because this is a serious charge. Petitioner objected because he was not alleging that the contract of January 27, 1961 was void, but only the stipulation of October 19, 1965.

At this time the trial judge asked petitioner's attorney "if what is challenged in the stipulation is that there was no legal advice for the stipulation and it is accepted therein that the contract is legal, what scope does this have? I do not see any." Said attorney answered, "We respectfully maintain that the existing situation in effect, now, as to the property belonging to the conjugal partnership and which is still under the control of the ex-spouse cannot be resolved until the other matter is resolved." The trial judge then stated that he had already decided that, and that the hearing in relation to the impeachment of the contract and of the stipulation was unnecessary, and dismissed said contentions. In our opinion, the trial court did not err in so doing. Petitioner having accepted the contract in question during the preceding incident, and there appearing that the scope of the impeachment of the stipulation was, actually, that the partition of the inheritance is not proper until after the liquidation of the conjugal partnership, and the court having previously disposed of this question properly, as we indicated before in this opinion, the aforementioned impeachment of the stipulation lacked merit and was even frivolous.

■ 8–9. In these assignments the trial judge is charged with passion, prejudice, and partiality. These assignments are based on the fact that the presiding judge, at the hearing for the motion to set aside the order of May 26, 1966 and the order of June 17, 1966, found that petitioner treacherously speaking behind the back of some attorneys who were not present, charged that even though it was stated in the stipulation that in the execution of said contract and stipulation they had been assisted and advised by said attorneys they had failed to do so. The judge then proceeded to indicate to petitioner that that kind of charges should be made in the presence of the attorneys and for that purpose he set a hearing for the next day to give the aforementioned attorneys an opportunity to be heard. Subse-

quently, in view of petitioner's statements, as we state in the preceding seventh paragraph, the judge understood that the hearing was unnecessary, for which reason he proceeded to cancel it. In this incident there is no basis to conclude that in so doing the trial court incurred passion, prejudice, or partiality.

10. Lastly, petitioner assigns that the judge erred in denying the motion for reconsideration presented. It is argued that the latter should have heard the party before denying it. In view of the clear provisions of Rule 47 of the Rules of Civil Procedure of 1958 the error was not committed. A judge may flatly deny a motion for reconsideration or set a date to hear the parties. Said rule obviously grants the judge ample discretion on this matter. It has not been established in the present petition that in so doing, he incurred in abuse of discretion. Said motion for reconsideration did not raise a substantial and meritorious question which would serve as the basis, in furtherance of justice, to set a date to hear the parties. The case cited by petitioner, *Roca* v. *Thomson*, 77 P.R.R. 396 (1954), is not applicable because there they were dealing not with a motion for reconsideration, but with a motion to set aside a judgment under the former Rule 60 (b) of the Rules of Civil Procedure of 1943.

In view of the foregoing, the writ issued should be quashed and the case remanded for further proceedings for the partition of the inheritance and of the conjugal partnership consistent with this opinion.